THE ATCHISON, TOPEKA & SANTA FE RAILWAY
COMPANY v. ISAAC DAVIS.

**No. 13,872.**    (79 Pac. 130.)

SYLLABUS BY THE COURT.

1. RAILROADS—*Injury to Employee—Pleading.*  Where a petition in a personal-injury case alleges a specific act of negligence by one of three designated agents of the defendant, it is not subject to a motion to make the allegation more definite and certain by pointing out which of such agents is claimed to have committed the act when it is also averred that plaintiff has no further information, and such averment is not shown to have been made in bad faith.

2. PRACTICE, DISTRICT COURT—*Motion for New Trial Not Premature.*  Where a jury, after reporting their verdict and special findings, are sent back to make one of the latter more definite, a motion for a new trial filed while they are still out for that purpose will not be treated as prematurely filed, where there is some evidence that the attorney who presented the motion to

the clerk requested that it be held until the return of the jury, and the clerk's indorsements upon the motion and the special findings show a simultaneous filing, the trial court having heard and decided the motion upon its merits.

3. PRACTICE, SUPREME COURT—*Review of Grounds for New Trial.* A recital in a case-made that upon the hearing of a motion for a new trial that included several grounds the attorney for the defeated party argued only a part of such grounds does not of itself show a waiver of those not argued.

4. RAILROADS—*Evidence Sufficient.*   The evidence examined and held sufficient to support the verdict and special findings.

Error from Franklin district court; CHARLES A. SMART, judge.   Opinion filed January 7, 1905.   Affirmed.

*A. A. Hurd*, and *O. J. Wood*, for plaintiff in error.

*Pleasant & Pleasant*, and *L. T. Wilson*, for defendant in error.

The opinion of the court was delivered by

MASON, J.: Upon a personal-injury claim Isaac Davis recovered a judgment for $2000 against the Atchison, Topeka & Santa Fe Railway Company, and the defendant prosecutes errror.   A former judgment for plaintiff in the same case was reversed upon the ground that one of the special findings made by the jury was against the evidence. (*Railway Co. v. Davis*, 64 Kan. 127, 67 Pac. 441.)   In that opinion the essential facts out of which the litigation grew were stated.

The first assignment of error relates to a question of pleading.   The petition alleged that while plaintiff was helping to load a rail upon a flat car the train of which it was a part was negligently started without notice to him, causing a severe wrench of his wrist; that such premature starting of the train was due to

a signal given by an employee of the defendant; that plaintiff could not learn what particular employee gave the signal, but that it was either the roadmaster, the conductor, or the brakeman; and that the facts in this respect lay peculiarly within the knowledge of the defendant. Defendant filed a motion to require plaintiff to make his petition more definite and certain by setting out specifically which of the employees designated was claimed to have been responsible for the starting of the train, and also a motion to strike out the allegations that plaintiff could not learn the facts in this regard and that they lay peculiarly within the knowledge of the defendant. Both motions were denied. In this there was no error. The plaintiff pointed out the specific act of negligence complained of, and if it was true that he could not learn by what agent of the company it was committed this was the utmost he could do, whether or not the defendant had any better means of information. If it could be gathered from the record that the allegation of want of further knowledge was made in bad faith, and that the defense was hampered by an intentional concealment, a very different question would be presented; but, in fact, the evidence supported the averment.

All the other assignments relate to errors involved in the overruling of a motion for a new trial, and two objections are made to their consideration. The first is based upon a claim that the motion for a new trial was prematurely filed, and for that reason could not have been sustained. The facts, as disclosed by the record, appear to be as follows: When the verdict and special findings were first returned one of the latter was found to require a more definite answer, and the jury were sent out to correct the defect. While they were still out for this purpose the defendant's attorney

handed to the clerk the motion for a new trial. An affidavit of the attorney states that as he did so he requested that the motion be filed when the jury should report. An affidavit of the clerk states that the attorney told him to file the motion and said nothing about holding it. The motion was in fact filed before the final return of the jury. The clerk's indorsements upon the motion and upon the special findings purport to show the hour of filing, being the same in each case—eleven o'clock A. M. The trial court considered the motion upon its merits, and denied it. Granting that a motion for a new trial filed while the jury are still out is not entitled to consideration, no occasion for the application of the principle is here shown. The return of the findings and the filing of the motion were practically simultaneous, and, especially in view of the fact that the court heard and decided the motion upon its merits instead of striking it from the files or refusing to consider it, it will be treated as having been filed at a proper time.

The second objection is based upon the fact that the record discloses that upon the hearing of the motion for a new trial the defendant's attorney argued certain enumerated reasons for setting aside the verdict, and no others. It is contended that this shows an effective waiver of all the grounds not included in the list of those argued. It is true that the trial court is entitled to know upon what grounds the defeated party claims a right to a new trial; and any conduct on the part of the attorney presenting the motion that might justly lead the court to understand that he relied only upon certain of the matters alleged in the motion and not upon others would doubtless be treated as a waiver of the latter. For illustration, if the court were to inquire of the attorney upon what grounds he

relied, and in response he should name only a part of those set out in the motion, this might be deemed a waiver of any to which he made no reference ; but no such effect can be given to the mere omission to argue all the grounds stated, without any showing of other circumstances affecting the matter.

It is contended by plaintiff in error that there was no support in the evidence for the general verdict or for certain of the special findings. It appears that no one but the plaintiff was aware of his being injured at the time of the occurrence complained of ; that his work was not interrupted, and that he continued his duties as foreman of the section hands for more than seven months afterward, and until he was discharged by the company ; but these considerations do not affect the question whether there was any evidence in support of his claim. It was found by the jury, in answer to an interrogatory submitted to them, that the signal to start the train was given by the conductor or roadmaster, and it is especially urged that there was an entire lack of testimony to justify this finding. It is true that no witness professed to have seen the signal given at this particular time, but the engineer stated that he had in no instance started the train without receiving a signal to do so. This was some evidence that a signal was given. There was also testimony that the signals to start were generally given by the roadmaster, but sometimes by the conductor. As intimated in the opinion accompanying the reversal of the former judgment, the jury were authorized to draw the inference that one or the other of these employees gave the signal upon the occasion in question. In response to an interrogatory whether plaintiff could have released his hold on the rail when he discovered that the train

had started the jury answered, "not with safety to himself and men." It is argued that this reply was evasive and that the question could and should have been answered by a direct yes or no. Granting that this is true, the next finding was that plaintiff was prevented from letting go of the rail by the danger to himself and others, and the practical effect of the two answers was the same as though the jury had said that plaintiff, as a physical fact, could have released the rail, but to have done so would have endangered his own safety and that of others. The practice of giving argumentative and indirect answers is not to be commended, but it cannot be said in this instance that the fault was so flagrant as to require a reversal of the judgment.

A final complaint is directed against a finding that plaintiff would have been injured just the same even if he had released his hold upon the rail when he discovered that the train was in motion. The former judgment was reversed by reason of the same answer's having been given to the same question; but while such answer was in direct conflict with the plaintiff's own testimony as it stood when that ruling was made, at the later trial he modified his earlier statements so that such inconsistency no longer exists.

The judgment is affirmed.

All the Justices concurring.