No. 24,410.

Frank H. Harper, *Appellant*, v. C. B. Cox, *Appellee.*

SYLLABUS BY THE COURT.

1. Damages—*Agreement Not to Record Chattel Mortgage.* An action for damages does not lie for recording a chattel mortgage contrary to an agreement not to do so having for its object the giving of false credit to the mortgagor.

2. Same—*Malicious Prosecution Will Not Lie Until Action is Terminated.* An action for damages for malicious prosecution of a civil suit does not lie until the suit has been finally determined in the defendant's favor and, under the circumstances of this case, it is held an action alleged to have been maliciously prosecuted has not been finally determined.

3. Same — *Attachment Dissolved—Adjudication that Attachment Was Wrongful.* In an action to recover money, an attachment was issued and levied. After a hearing, the attachment was dissolved, on the ground the attachment affidavit was untrue, and the plaintiff appealed. The defendant paid the debt, and the appeal was dismissed on the ground the controversy had become moot. *Held,* the order dissolving the attachment is a final adjudication that it was wrongful.

4. Same—*Stipulation—No Bar to Action for Damages for Wrongful Attachment.* Under the facts stated in the opinion, it is *held,* a stipulation regarding disposition of some of the attached property, payment of the debt, and procuring dismissal of the appeal, do not bar the plaintiff's action for damages for wrongful attachment maliciously caused.

5. Pleading and Practice—*Three Causes of Action Joined—Petition Construed.* The plaintiff joined in his petition three causes of action: the first for recording the mortgage; the second for malicious prosecution of the civil suit; and the third for malicious wrongful attachment. The first and second causes of action were made part of the third, by reference. *Held,* damages are recoverable for malicious wrongful attachment only; and *held further,* no damages are recoverable on account of the attachment, so far as the plaintiff submitted to it.

Appeal from Douglas district court; Hugh Means, judge. Opinion filed April 7, 1923. Affirmed in part and reversed in part.

*Thomas Harley, George K. Melvin,* and *R. E. Melvin,* all of Lawrence, for appellant.

*C. A. Smart,* of Lawrence, for the appellee.

The opinion of the court was delivered by

Burch, J.: The action was one for damages for malicious wrongful attachment and other asserted injuries. An objection to the

introduction of evidence in support of the petition was sustained, and the plaintiff appeals.

In the year 1920, Cox and Harper, under the firm name of Cox & Co., were engaged in the business of buying and selling mules. Later in the year the partnership was dissolved. Harper took over the assets of the firm, and gave Cox promissory notes aggregating more than $58,000. The notes were secured by chattel mortgage, which it was understood was not to be recorded, but in December Cox recorded it. In January, 1921, Cox was pressing Harper for money, and Harper did make some payments on his indebtedness. On January 20, an agreement was made whereby time of payment of the notes was extended until Harper could sell the mules, but not more than ninety days. Later in the same day, Cox sued Harper on the notes, and attached the mules and other property. The action was tried on February 15, and the jury found it had been prematurely brought, because of the extension agreement. A motion for a new trial was filed, which was argued and submitted on April 14, but no ruling has ever been made respecting it.

On January 21, a stipulation was signed by the parties to the action of *Cox v. Harper*, providing that the horses and mules which had been attached might be sold by Harper in the name of the Lawrence National Bank, and the net proceeds paid to the bank for Cox. The stated purpose was to save expense and make expeditious disposal of the property. All other legal rights were saved to both parties. On February 14, after a hearing, the attachment was dissolved, the basis of the decision being that the grounds for attachment stated in the affidavit were untrue. Cox appealed to this court. On March 11, Harper paid his indebtedness to Cox in full. On April 14, this court dismissed Cox's appeal from the order discharging the attachment, because the controversy had become moot. On April 18, the present action was commenced.

The petition undertook to state three causes of action. The first was based on the recording of the chattel mortgage, contrary to agreement not to do so. It was alleged the mortgage was to be withheld from record because, if recorded, it would affect the plaintiff's credit and hamper him in handling his business. Because the agreement was one to give the plaintiff false credit, it was contrary to public policy, and void.

The second cause of action was based on malicious prosecution of the suit of *Cox v. Harper*, including the attachment. In some

Harper v. Cox.

proceedings occurring before the objection to the introduction of evidence was interposed, the complete record in that case was brought before the court. The record disclosed the suit had not been finally determined in Harper's favor. That being true, no action lies for its malicious prosecution.

The third cause of action was for wrongful attachment, maliciously caused, and that feature of the case should be tried. The plaintiff made the first and second causes of action parts of the third by reference. The reference of the first cause of action served no purpose, and the reference to the second served no purpose except so far as it completed the narrative. Only those damages may be recovered which resulted proximately from the attachment itself, increased by whatever the element of malice in causing the attachment warrants.

By the agreement relating to disposition of the horses and mules, embraced in the attachment, the plaintiff submitted to the attachment so far as they were concerned, and can recover nothing on account of their seizure, or anything following or incident to their seizure. Much other property, however, was attached, release of which the plaintiff obtained only by procuring dissolution of the attachment as the result of a trial.

The court has given much consideration to the status of the order dissolving the attachment, after dismissal of the appeal from that order without a decision on the merits. The conclusion is, the order now stands as a final adjudication that the attachment was wrongful.

The defendant contends that, in the absence of malice, there can be no recovery for wrongful attachment, unless the action be based on the bond given pursuant to statute. This court has recognized a contrary practice from early times. The subject is not important here, because malice is charged.

The defendant says the principal action and the attachment proceeding were brought to an end by procurement of the plaintiff, and consequently he should not be allowed to prosecute the present action. The plaintiff confessedly owed the debt, and was sued upon it in January. He did not claim an absolute extension of time of payment for ninety days from January 20, but merely an extension until the mules were sold, and not longer than ninety days. The petition states that, on March 11, having sold his mules, the plaintiff paid Cox in full. Whether the plaintiff or the defendant was

right in the case of *Cox v. Harper,* Harper could not prejudice his accrued cause of action, resulting. from the wrongful attachment, by paying what he was obliged to pay under either theory. What became of the principal action was, of course, not material, after adjudication that the attachment was wrongful.

When the debt was paid, this court would have dismissed the appeal from the order dissolving the attachment on its own motion, on suggestion of the fact of payment. It would have been improper for the parties to have sought adjudication of a moot question, and the plaintiff should not be prejudiced because he gave the court information to which it was entitled.

The judgment of the district court is affirmed so far as it affects the first and second causes of action of the petition. So far as it affects the third cause of action, the judgment is reversed, and the cause is remanded for trial.