No. 25,558.

FRANK H. HARPER, *Appellant,* v. C. B. Cox, *Appellee.*

SYLLABUS BY THE COURT.

NEW TRIAL—*Excessive Damages.* An order granting a new trial based on findings that punitive damages were excessive and were given under the influence of passion and prejudice, affirmed.

Appeal from Douglas district court; HUGH MEANS, judge. Opinion filed April 11, 1925. Affirmed.

*Thomas Harley, George K. Melvin,* and *R. E. Melvin,* all of Lawrence, for the appellant.

*C. A. Smart,* of Lawrence, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one for damages resulting from malicious wrongful attachment. The verdict was in favor of plaintiff. The court granted a new trial, and plaintiff appeals.

The petition is summarized in the opinion in *Harper v. Cox,* 113 Kan. 357, 214 Pac. 775. The answer admitted defendant caused the writ of attachment to issue, denied generally other allegations of the petition, denied specially that any levy was made pursuant to the writ, and pleaded an agreement whereby the property against which the writ was directed remained in possession of plaintiff. The verdict was for damages in the sum of $9,000, itemized in a special finding as follows:

Actual damages:
```
    Attorney fees ........................................ $500.00
    R. R. fare, tel. and telegraph bills, use of car, etc.......  175.00
    Loss of time.........................................  325.00
                                                         ———————  $1,000.00
Punitive damages .............................................  8,000.00
                                                                  —————————
                                                                  $9,000.00
```

Plaintiff filed a motion for new trial on two grounds. Defendant filed a motion for new trial on all statutory grounds. Plaintiff's motion was denied, and defendant's motion was allowed. Afterwards the court, on application of plaintiff, based its order granting a new trial on the following ground:

"That the punitive damages allowed by the jury were excessive and are excessive to such an extent that the court finds the jury was influenced by passion and prejudice and to such an extent that the court cannot fix a proper remittitur."

When the rule of the common law allowing punitive damages was first recognized in this state, it was conceded no standard by which to measure such damages exists; that the jury are to be guided by their own judgment, and that the penalty to be inflicted must be left to their discretion. It was said, however, that exercise of this discretion is subject to the power of the court to determine whether the jury's estimate, if apparently excessive, has been influenced by passion or prejudice (*Malone v. Murphy,* 2 Kan. 250 [1864]). The statement was virtually an interpretation of the statute which authorized the granting of a new trial for excessive damages appearing to have been given under the influence of passion or prejudice (Compiled Laws 1862, Civ. Code, § 307), and placed verdicts in cases for punitive damages in the same class with verdicts in other cases in which amount of damages is within the discretion of the jury. The present code enlarged the power of the court and authorizes a new trial generally whenever the verdict has been given under the influence of passion and prejudice. (R. S. 60-3001.)

The power of the court to grant a new trial in cases of this character is predicated upon the postulate that the judge who presides at the trial is qualified to determine whether the verdict resulted from an exercise of sound judgment according to correct principles, or from passion or prejudice. There is no such postulate upon which to predicate power in an appellate court to determine from a printed record the influences operating to produce a verdict, and generally a finding by the trial court of passion and prejudice on the part of the jury is conclusive on appeal.

Defendant's counsel asserts there is no evidence whatever indicating the defendant acted maliciously. The jury seem to have believed defendant's motives were very bad, and apparently the court concluded he committed a wrongful act intentionally and without just cause or excuse. If so, the law regards him as deserving to be penalized, not out of any consideration for plaintiff, but for his own correction in the matter of respect for the rights of others. The fact, however, that defendant deserved punishment gave the jury no license to become vindictive. They were bound to act dispassionately, and to mulct defendant no further than the theory of exemplary damages contemplates.

Plaintiff's counsel say the facts established by the evidence "blazed forth to the world one of the most atrocious ebullitions of spite and of malicious intent shown in the annals of the jurispru-

dence of Douglas county." The record, however, is open to the interpretation that defendant is not a prodigy of wickedness, obsessed with passion to make ruthless depredations upon the business and property of others; that he was not in fact imbued with evil design to do mischief, but that, confronted with conditions threatening great financial loss, he transgressed the limits of proper restraint without sufficient regard for consequences; and that punitive damages in a sum equal to the actual damages he caused would have been ample. If that interpretation be correct, the award of $8,000 as punitive damages indicates passion and prejudice on the part of the jury.

Acting within its proper province, the district court has found that the punitive damages were excessive, and that they were given under the influence of passion and prejudice. Pursuant to those findings, the court has granted a new trial, and there must be a new trial.

There is a cross appeal, and each party desires the court to decide in advance questions to arise at the trial to occur. Both plaintiff and defendant moved for a new trial, and the court has granted a new trial. Defendant could not appeal from an order which he procured. Plaintiff is not only inconsistent in seeking to overturn an order giving him what he prayed for, but his appeal belongs in the common class of groundless appeals from orders granting new trials. To that kind of an appeal defendant tacks a cross appeal. If, under these circumstances, the court were to extend its reviewing function, it might encourage a practice which, besides being irregular, might become embarrassing.

The judgment of the district court is affirmed.