(637 P.2d 486)
No. 52,845

HAYS HOUSE, INC., a Corporation, HELEN E. JUDD and CHARLES L. JUDD, INDIVIDUALLY, *Appellants,* v. CRAIG EUGENE POWELL, *Appellee.*

Opinion filed December 10, 1981.

*Harold L. Haun,* of Haun and Bryant, of Council Grove, for appellants.

*David H. Heilman,* of Council Grove, for appellee.

Before JUSTICE HOLMES, presiding, MEYER, J. and HARRY G. MILLER, District Judge Retired, assigned.

HOLMES, J.: Hays House, Inc., a corporation, and Helen E. Judd and Charles L. Judd, both individually, plaintiffs below, appeal from a jury verdict and the judgment entered thereon in favor of Craig Eugene Powell, defendant below, on his counterclaim. The original action filed by the plaintiffs was based upon an alleged breach of a contract entered into by plaintiffs with the defendant. Defendant's counterclaim asserted plaintiffs had breached the contract and also sought actual and punitive damages for conversion of his inventory and for what was alleged to be the wrongful obtaining of a restraining order by the plaintiffs. The rather complicated facts need to be set forth at some length.

Hays House, Inc., is a Kansas corporation owned by Charles L.

Judd and his wife, Helen E. Judd. For several years, the Judds and Hays House, Inc. operated a restaurant and private club in Council Grove known as the Hays House and Hays Tavern. The Judds desired to slow down their activities and sought to find a suitable person to take over the restaurant and club. Craig Eugene Powell, a resident of Texas, with training and experience in restaurant operations, was familiar with the Hays House and Hays Tavern and was put in contact with the Judds. The parties reached an agreement and entered into a written "Contract For Management" effective March 1, 1979. Powell entered into possession of the business on that date and continued to operate it until August 2, 1979, when he was ousted from the premises pursuant to a restraining order issued by the district magistrate judge in Morris County. The contract granted Powell possession of the premises on a year-to-year basis, together with broad discretion in the operations of the business in return for certain monthly payments to be made by Powell to the plaintiffs. In July, 1979, the Judds became dissatisfied with Powell's operation of what had long been their business and sought to terminate the agreement with Powell. The Judds asserted that Powell was violating the agreement and indicated they were going to personally resume the management and operation of the restaurant and club. Powell was not willing to terminate the agreement unless the Judds would pay him $5,000.00. The Judds, being of the opinion that Powell owed them money rather than vice versa, filed suit on August 2, 1979, seeking, *inter alia,* termination of the contract and damages due to the alleged breaches by Powell. At the same time the district magistrate judge, at the request of plaintiffs, issued a temporary restraining order which provided in part:

"IT IS THEREFORE ORDERED that the defendant, Craig Eugene Powell, be and hereby is ordered to refrain from being, remaining or entering upon the premises of the Hays House Restaurant and Hays Tavern in Council Grove, Kansas . . . ."

The restraining order was served upon Powell along with a copy of the petition late in the afternoon of August 2, 1979. At that time a meeting was held at the Hays House between the Judds and their attorney on the one hand, and Powell and his attorney on the other. Powell's counsel voiced the opinion that the restraining order ousting Powell from the premises was probably illegal and

asserted the Judds could be held liable for actual and punitive damages if they proceeded with their attempt to exclude Powell from the premises. The Judds were not intimidated and Powell was required to leave the restaurant and club. Three or four days later Powell left Council Grove and took no further action to set the restraining order aside or recover possession of the business. On August 14, 1979, Powell filed an answer in which he asserted that he was the lessee of the premises; that the agreement between the parties was a real estate lease; that he had not breached the agreement; and that the plaintiffs were guilty of breach of contract, had converted his inventory, and had wrongfully obtained the restraining order. In his counterclaim he sought actual and punitive damages. The cause of action based upon the restraining order was ultimately submitted to the jury on the theory that it was a cause of action for malicious prosecution. After lengthy pretrial proceedings, the matter came to trial before a jury and it awarded the defendant actual damages of $24,552.37, and punitive damages of $20,000.00 for a total of $44,552.37. The trial judge, *sua sponte,* reduced the award to $39,552.37 after determining that the punitive damages, which included $15,000.00 for obtaining an illegal restraining order, exceeded the amount included in the pretrial order by $5,000.00. The plaintiffs have appealed from the judgment entered by the court and defendant has cross-appealed from the $5,000.00 reduction of the jury award made by the trial court and from a trial court order denying defendant an allowance of attorney fees. The defendant also lodges a jurisdictional attack upon the motion for new trial and the appeal filed by plaintiffs. Additional facts will be developed as they become relevant to the opinion.

At the outset we will address the jurisdictional issue raised by appellee. Appellee asserts the trial court committed error in failing to strike the appellants' motion for a new trial and as a consequence argues that this court has no jurisdiction to hear the appeal. On May 1, 1980, the jury returned its verdict; on May 6, 1980, the motion for new trial was filed; on May 27, 1980, the court granted judgment and on July 9, 1980, the judgment was docketed. It was not until October 28, 1980, that the motion for a new trial was overruled. It is appellee's contention that the premature filing of the motion for a new trial was ineffective and consequently no valid new trial motion was ever filed. We do not

agree. K.S.A. 60-259(*b*) states "A motion for a new trial shall be served not later than 10 days after the entry of judgment." Appellee relies upon several Supreme Court cases which hold that a motion for a new trial filed out of time is a nullity. See *City of Leavenworth v. Pennington,* 146 Kan. 459, 72 P.2d 78 (1937); *Oliver Farm Equipment Co. v. Foster,* 134 Kan. 654, 8 P.2d 364 (1932). In the Kansas cases relied upon by the appellee the motion was filed too late.

We are faced with the question of whether a motion for a new trial filed prematurely is a nullity. In *Railway Co. v. Davis,* 70 Kan. 578, 79 Pac. 130 (1905), the motion for a new trial was filed simultaneously with the return of the jury verdict. Our Supreme Court said:

"Granting that a motion for a new trial filed while the jury [is] still out is not entitled to consideration, no occasion for the application of the principle is here shown. The return of the findings and the filing of the motion were practically simultaneous, and, especially in view of the fact that the court heard and decided the motion upon its merits instead of striking it from the files or refusing to consider it, it will be treated as having been filed at a proper time." p. 581.

A similar situation exists in this case. The motion was filed after the jury verdict but before the entry of judgment on that verdict and subsequently the trial court heard the motion on its merits. In an analogous situation, Rule 2.03 (228 Kan. xxxix) provides:

"A notice of appeal filed subsequent to an announcement by the judge of the district court on a judgment to be entered, but prior to the actual entry of judgment as provided in Sec. 60-258, shall be effective as notice of appeal under Sec. 60-2103, if it identifies the judgment or part thereof from which the appeal is taken with sufficient certainty to inform all parties of the rulings to be reviewed on appeal. Such advance filing shall have the same effect for purposes of the appeal as if the notice of appeal had been filed simultaneously with the actual entry of judgment, provided it complies with Sec. 60-2103(*b*)."

We conclude that a motion for a new trial filed subsequent to the rendering of a jury verdict but prior to the actual entry of judgment thereon is timely filed. The trial court was not in error in refusing to strike plaintiffs' motion for a new trial and hence, this court has jurisdiction to hear the appeal.

We now turn to the substantive issues involved in the appeal and cross-appeal. Appellants list some twelve issues wherein they allege the trial court committed reversible error. In their motion for a new trial, thirty-three grounds of error were enumerated. It is to be noted, however, that the crux of this entire case hinges

upon the issues surrounding the issuance of the initial restraining order and the manner in which it was handled by the trial court. At the close of plaintiffs' case the court found that the previously quoted portion of the restraining order was invalid and had been wrongfully obtained by the plaintiffs. The defendant was then allowed to proceed on the theory that the obtaining of the restraining order constituted malicious prosecution. At the completion of the trial the court determined that all issues growing out of the contract between the parties and the events subsequent to the execution of the contract would be submitted to the jury. As a result the court, after having found that a portion of the restraining order was invalid, so instructed the jury and then instructed them on defendant's theory of malicious prosecution. This was clearly error which, in our opinion, requires that this case be remanded for a new trial on all issues.

Among the instructions given by the court were:

"Instruction No. 17

"To maintain an action for improperly obtaining the order ordering defendant to leave the premises (malicious prosecution) the defendant must prove that the plaintiffs instituted the proceeding of which complaint is made and that the plaintiffs in so doing acted without probable cause and with malice.

"Instruction No. 18

"In this case the Court has ruled as a matter of law that part of the order dated August 2, 1979 and which was marked as defendants exhibit No. 18 was an order improperly procured by the plaintiffs in so far as it required the defendant to leave the premises and that defendant could not be required to leave by such order."

In the recent case of *Nelson v. Miller,* 227 Kan. 271, 607 P.2d 438 (1980), the Supreme Court discussed at length the elements and basic principles of law to be applied in an action for malicious prosecution of a civil case. The court stated:

"(2) To maintain an action for malicious prosecution of a civil action the plaintiff must prove the following elements:

(a) That the defendant initiated, continued, or procured civil procedures against the plaintiff.

(b) That the defendant in so doing acted without probable cause.

(c) That the defendant acted with malice, that is he acted primarily for a purpose other than that of securing the proper adjudication of the claim upon which the proceedings are based.

(d) That the proceeding terminated in favor of the plaintiff.

(e) That the plaintiff sustained damages. See Restatement (Second) of Torts § 674 (1976); *Thompson v. General Finance Co., Inc.,* 205 Kan. 76, 468 P.2d 269 (1970); *Investment Co. v. Burdick,* 67 Kan. at 337; *Malone v. Murphy,* 2 Kan. *250 (1864).

. . . .
"(11) As noted above, one of the elements of an action for wrongful use of civil proceedings is that the prior civil proceeding must have terminated in favor of the person against whom the prior civil action was brought. The action cannot be brought if the original action is still pending and undetermined. *Harper v. Cox,* 113 Kan. 357, 214 Pac. 775 (1923)." pp. 276, 280.

In *H & H Farms, Inc. v. Hazlett,* 6 Kan. App. 2d 263, 627 P.2d 1161 (1981), we had occasion to consider whether a claim for malicious prosecution could be the proper subject of a counterclaim and stated therein:

"Kansas law is well settled that one of the crucial elements of an action for wrongful use of civil proceedings is that the prior civil proceeding must have terminated in favor of the person against whom the prior civil action was brought, and that the action cannot be brought if the original action is still pending and undetermined. See *Nelson v. Miller,* 227 Kan. at 280; *Harper v. Cox,* 113 Kan. 357, 214 Pac. 775 (1923). Although Kansas courts have not ruled on the specific question of whether a malicious prosecution claim can be brought in a counterclaim, other courts have had opportunity to address the issue. Prosser on Torts § 120, n.32 (4th ed. 1977) states the general rule that a plaintiff must prove the termination of former proceedings in his favor and that this requirement ordinarily makes the counterclaim for malicious prosecution in the original civil action premature. See *American Salvage and Jobbing Co., Inc. v. Salomon,* 295 So. 2d 710 (Fla. Dist. Ct. App. 1974); *Metro Chrysler-Plymouth, Inc. v. Pearce,* 121 Ga. App. 835, 175 S.E.2d 910 (1970); *Peisner v. Detroit Free Press,* 68 Mich. App. 360, 242 N.W.2d 775 (1976). Furthermore, a plaintiff's cause of action for malicious prosecution does not accrue until the time for appeal has passed on the original action. See *Rich v. Siegel,* 7 Cal. App. 3d 465, 86 Cal. Rptr. 665 (1970).

. . . .
". . . We hold that a claim for malicious prosecution founded on a civil action is not the proper subject of a counterclaim since it requires proof of the termination of the former proceeding in favor of the defendant." pp. 269, 271.

In the instant case the question of the propriety of plaintiffs securing the restraining order and the counterclaim based upon malicious prosecution so permeated all of the proceedings that a new trial upon all the issues is required. K.S.A. 1980 Supp. 60-2101(*a*).

As it is our determination that this case must be remanded for a new trial we point out, as the trial court did, that this is a case which should have been and should now be settled. Many of the alleged contract breaches asserted by plaintiffs are nothing more than petty gripes about how the defendant was managing the business which was placed in his hands for that purpose. On the other hand, it appears obvious from the exhibits that defendant was losing money in his operation of the business. When served

with the restraining order it would appear that he saw an opportunity to get out of what was developing into a losing proposition. If defendant was of the opinion that he could profitably continue the operation of the business, he could have taken steps to seek an immediate dissolution of the restraining order and thereby mitigate any damages he might have sustained. No such action was taken. As the management contract has long ago expired by its own terms, it is presumed that the plaintiffs have made other arrangements for the continuance of the business.

In view of our conclusions reached in this matter, it is not necessary that we address other issues raised by the parties.

The judgment is reversed and the case is remanded to the district court for a new trial on all issues except that of malicious prosecution.