(701 P.2d 977)

56,389

HUTCHINSON TRAVEL AGENCY, INC., d/b/a FREE and EASY TRAVEL, *Appellant*, v. ROB MCGREGOR, d/b/a EL DORADO TRAVEL, *Appellee*.

Petition for review denied September 27, 1985.

Opinion filed June 27, 1985.

*John T. Conlee*, of Fleeson, Gooing, Coulson & Kitch, of Wichita, for appellant.

*Ray L. Connell*, of Connell & Connell, of El Dorado, for appellee.

Before PARKS, P.J., ABBOTT and MEYER, JJ.

ABBOTT, J.: This is an interlocutory appeal. It involves two issues. They are whether the trial court erred in overruling as premature Hutchinson Travel Agency's motion to dismiss what is denoted as a malicious prosecution action which the trial court allowed filed in the damage phase of a bifurcated trial, and in overruling its motion for judgment on the counterclaim for fraudulent misrepresentation filed by defendant, Rob McGregor.

Highly summarized, and without reference to any charges or countercharges not in issue on appeal, the facts are as follows. Rob McGregor was an employee of Hutchinson Travel Agency.

His employment was terminated and he opened a competing travel agency in the same town.

Hutchinson Travel Agency filed suit for damages and an injunction. The agency claimed McGregor had signed a contract containing a covenant not to compete and produced a photocopy of a contract that appeared to have been signed by McGregor.

McGregor admitted the signature on the contract appeared to be his but continued to deny that he had signed the contract. The travel agency hired a handwriting expert who determined the signature was that of McGregor.

McGregor then hired a handwriting expert who determined that it was indeed McGregor's signature, but that it had been cut from another document and pasted on the contract in question and then photocopied a number of times.

McGregor's action for fraudulent misrepresentation is based on the travel agency's having produced a forged document, that is, the "paste-up" signature.

The trial judge bifurcated the trial. At the end of the first part, the jury eliminated all the liability issues except the fraudulent misrepresentation claim; it unanimously found for Rob McGregor on that issue.

McGregor then filed a supplemental counterclaim for malicious prosecution. Hutchinson Travel Agency filed a motion for judgment notwithstanding the verdict on the fraudulent misrepresentation claim and a motion to dismiss the malicious prosecution claims as premature. The trial judge overruled both motions but, on plaintiff's motion, made the appropriate findings under K.S.A. 60-2102(b) for interlocutory appeal, which this court granted.

Favorable termination of the underlying civil proceedings is an essential element of malicious prosecution. An action for malicious prosecution cannot be brought if the underlying action is still pending and undetermined. *Nelson v. Miller*, 227 Kan. 271, 280, 607 P.2d 438 (1980). The rules in Kansas for what constitutes favorable termination seem relatively clear. "[A] claim for malicious prosecution founded on a civil action is not the proper subject of a counterclaim since it requires proof of the termination of the former proceeding in favor of the defendant." *H & H Farms, Inc. v. Hazlett*, 6 Kan. App. 2d 263, 271, 627 P.2d 1161 (1981). "[A] plaintiff's cause of action for malicious prose-

cution does not accrue until the time for appeal has passed on the original action." p. 269. See also *Hays House, Inc. v. Powell*, 7 Kan. App. 2d 53, 58, 637 P.2d 486 (1981), *rev. denied* 230 Kan. 818 (1982). Some jurisdictions have held that the right to maintain an action for malicious prosecution accrues when judgment is rendered regardless of whether an appeal from such action is taken, but such has not been the rule in Kansas.

This case presents a unique situation because the trial was bifurcated, and the jury found for the defendant on both of the plaintiff's claims. The jury, however, also found for the defendant on one of his counterclaims, necessitating a second trial on the issue of damages. The trial judge did not issue a K.S.A. 60-254(b) certificate on any of the issues decided at the liability phase of the trial, and since the question of damages had not been determined there was no final decision in the case which would give the plaintiff the right to appeal the verdict against it pursuant to the provisions of K.S.A. 60-2102(a)(4). See *Henderson v. Hassur*, 1 Kan. App. 2d 103, 562 P.2d 108 (1977). The time for appeal has not passed and the "favorable termination" requirement for a malicious prosecution claim has not been met.

Favorable termination of the underlying civil proceedings is required to support a malicious prosecution claim for several reasons. First, a complaining party cannot show lack of probable cause in instituting the proceeding until it is finally terminated in his favor. See *Nelson v. Miller*, 227 Kan. at 281. Additionally, a complaining party cannot show all damages from the institution of legal proceedings until they are terminated. And, finally, it is recognized that the requirement of final termination serves to help avoid inconsistent judgments from the courts. See Annot., 30 A.L.R. 4th 572.

We hold that the malicious prosecution action was premature because the appeal time has not passed. Thus, under the facts of this case, the malicious prosecution action should be dismissed.

The travel agency contended in its motion for judgment notwithstanding the verdict, and continues to contend on appeal, that a claim for fraudulent misrepresentation does not lie since McGregor was never misled by nor did he rely on the contract as being true.

To prove fraud, a claimant must show that an untrue statement of material facts, known to be untrue by the party making it, or

made with reckless disregard for the truth, was justifiably relied upon by the party alleging fraud and as a result of the reliance was damaged. *Weigand v. Union Nat'l Bank of Wichita,* 227 Kan. 747, 753, 610 P.2d 572 (1980); *Nordstrom v. Miller,* 227 Kan. 59, Syl. ¶ 6, 605 P.2d 545 (1980); *Sippy v. Cristich,* 4 Kan. App. 2d 511, 514, 609 P.2d 204 (1980).

Reliance in a fraudulent misrepresentation case must be reasonable, justifiable and detrimental. See *Goff v. American Savings Association,* 1 Kan. App. 2d 75, 79-82, 561 P.2d 897 (1977). Here there is no doubt that McGregor knew he did not sign the contract, nor did he rely on the false photocopy of the purported employment contract as being true. The jury, however, found for McGregor on the fraudulent misrepresentation claim. In upholding the jury verdict on the motion for judgment notwithstanding the verdict or motion for new trial, the trial judge said:

"Well, I think it has to be admitted by everyone concerned that the fraud, or alleged fraud, that we are talking about is not fraud as we normally come across it in other cases. It is—it has to do with supporting evidence to the claims made in an action against El Dorado Travel in this case; and I feel that it may sort of boil down to an interpretation of what is meant by the term 'rely,' and I am not going to be as restrictive as Mr. Cornwell. I feel it's, obviously, if a party does not sign something, and he is presented a copy that purports to be his signature. He knew it was. He didn't sign it, but he also knows if it is part and parcel of the claim that there may be prima facie evidence to favor him. In other words, the burden is shifted, if nothing else, so he has to rely on it to that extent and defend against it, and present evidence to overcome that allegation. I have never seen anything in the way of fraud quite similar to what we have had here; and in my opinion, it just would be an injustice to close your eyes, and say somehow Mr. McGregor and El Dorado Travel was not damaged, and put in a very defensive and detrimental position when confronted with this and presented with this paste-up. Now it also, for whatever it is worth, and in passing, it's a fraud upon the court. Now I don't for one minute, Mr. Cornwell, contend that you had any part—and, obviously, from the opening remarks in trial, when it became obvious to you it was not genuine, you certainly divulged that fact to the jury and didn't try to pretend otherwise. So I am not even suggesting there was not [*sic*] a fraud on the part of counsel, or for this matter, the parties that appeared in court. I suppose it was never established who did the paste-up in the thing; but for whatever purpose, I would have to agree with the jury overall it was fraudulent misrepresentation working to the disadvantage of El Dorado Travel."

A review of the Kansas case law on fraud reveals that the person alleging fraud must rely to his detriment on the false statement as being true. Here McGregor emphatically maintained the photocopy of the purported employment contract was false and presented an expert witness to attempt to prove it was

false. While it is true that McGregor was forced to prove it false, we find no authority and counsel provides none which indicates this constitutes the type of reliance necessary to support a claim for fraud.

McGregor obviously relied on the document to the extent that it had to be proven false. So, while the document may have been fraudulent, McGregor knew it was false and thus he could not rely on the representation. *Goff v. American Savings Association*, 1 Kan. App. 2d at 82. McGregor was in much the same position that any party to a suit is in when he or she believes an adverse witness is not being truthful or is giving an inaccurate and biased expert opinion. One has expended time, effort and money, and has suffered anxiety while being forced to defend a claim one knows is untrue. See, *e.g., Hokanson v. Lichtor*, 5 Kan. App. 2d 802, 626 P.2d 214, (1981). McGregor's remedy, if any, is not an action for fraudulent misrepresentation. Accordingly, the trial court erred.

Reversed and remanded with directions to grant judgment to the plaintiff on the fraudulent misrepresentation claim notwithstanding the verdict and to dismiss the malicious prosecution counterclaim without prejudice.