(945 P.2d 426)
No. 77,418

ERIC A. VOTH, *Appellant,* v. LARRY D. COLEMAN, MARY C. JACKSON, ROSIE M. QUINN, RICHARD CARNEY, HOSEA ELLIS SOWELL, and ARTHUR P. TALIAFERRO, *Appellees.*

—

Opinion filed October 10, 1997.

*David R. Cooper,* of Fisher, Patterson, Sayler & Smith, L.L.P., of Topeka, for appellant.

No appearance for appellees.

Before GREEN, P.J., ROYSE, J., and WAHL, S.J.

GREEN, J.: Dr. Eric A. Voth sued Larry D. Coleman, Mary C. Jackson, Rosie M. Quinn, Richard Carney, Hosea Ellis Sowell, and Dr. Arthur P. Taliaferro (defendants) for malicious prosecution. Coleman and Taliaferro moved to dismiss the action based on the applicable statute of limitations. In agreeing that the statute of limitations had run on Voth's claim, the trial court dismissed the suit. On appeal, Voth contends that the trial court erred in determining that his claim was barred by the statute of limitations. We agree and reverse the judgment of the trial court.

The malicious prosecution action stemmed from Voth's testimony before the Kansas Board of Healing Arts (Board) in 1988. At a hearing before the Board, Voth opined that because Taliaferro's prescription practices were inappropriate, they presented an imminent danger to his patients. As a result, the Board limited Taliaferro's privilege to prescribe certain drugs. Because of the Board's action, Taliaferro sued Voth and various members of the Board in the United States District Court.

On August 20, 1992, the federal district court granted summary judgment in favor of Voth. Appealing that judgment, Taliaferro filed a notice of appeal to the Tenth Circuit Court of Appeals.

When the Tenth Circuit denied Taliaferro's appeal on April 20, 1994, Taliaferro moved for a rehearing. The Tenth Circuit denied that motion on May 24, 1994. On June 23, 1995, Voth sued the defendants for malicious prosecution.

Voth argues that because the trial court considered matters outside the pleadings, the motion to dismiss must be treated as one for summary judgment under K.S.A. 60-212(c). We agree. Our standard of review of a motion for summary judgment is clear. K.S.A. 60-256(c) provides that summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Moreover,

"[w]here the defendant pleads a statute of limitation and moves for summary judgment and it appears that the action is barred by the appropriate statute of limitation and there is no genuine issue as to any material fact in connection with such statute, then the motion should be granted." *Hartman v. Stumbo*, 195 Kan. 634, Syl. ¶ 2, 408 P.2d 693 (1965).

The question that we are asked to decide is when did Voth's action for malicious prosecution accrue? The determination as to when a cause of action for malicious prosecution accrues raises a question of statutory interpretation over which this court has unlimited review. See *State v. Donlay*, 253 Kan. 132, Syl. ¶ 1, 853 P.2d 680 (1993).

To maintain an action for malicious prosecution of a civil action, the plaintiff must prove: (1) that defendant initiated, continued, or procured the proceeding of which complaint is made; (2) that defendant in doing so acted without probable cause; (3) that defendant acted with malice; (4) *that the proceeding terminated in favor of the plaintiff*; and (5) that plaintiff sustained damages. *Lindenman v. Umscheid*, 255 Kan. 610, 624, 875 P.2d 964 (1994); *Nelson v. Miller*, 227 Kan. 271, 276, 607 P.2d 438 (1980); *Hutchinson Travel Agency, Inc. v. McGregor*, 10 Kan. App. 2d 461, 463-64, 701 P.2d 977, *rev. denied* 238 Kan. 877 (1985); *H & H Farms, Inc. v. Hazlett*, 6 Kan. App. 2d 263, 269, 627 P.2d 1161 (1981) .

Voth agrees with the trial court's conclusion that an action for malicious prosecution is subject to a 1-year statute of limitations

under K.S.A. 60-514(b). Nevertheless, Voth contends that his cause of action for malicious prosecution did not accrue until August 22, 1994, the last day for Taliaferro to file a petition for a writ of *certiorari* with the United States Supreme Court. Under United States Supreme Court Rule 13.1, (28 U.S.C. App. 929 [1994]), a petition for writ of *certiorari* may be timely filed within 90 days following the entry of judgment "in any case, civil or criminal, entered by a state court of last resort or a United States court of appeals." The August 22, 1994, date would have been the 90th day following the Tenth Circuit's denial of Taliaferro's petition for rehearing.

In disagreeing with Voth's contention that his action for malicious prosecution did not accrue until 90 days after the denial of Taliaferro's motion for rehearing, the trial court stated:

"A discretionary appeal, however, is distinguishable from a counterclaim and from an appeal of right. More specifically, unlike an appeal of right, a discretionary appeal does not guarantee an appellant that his or her case will be accepted for review. Therefore, the fact that a great majority of discretionary appeals will not be accepted for review by a higher court indicates that the chances for inconsistent judgments from the courts are minimal. If, however, on the minuscule chance that a discretionary appeal is granted, the higher Court would simply stay the malicious prosecution action pending the outcome of the discretionary appeal."

The trial court distinguished appeals of right from discretionary appeals to select the date on which an action for malicious prosecution would accrue. The trial court reasoned that because discretionary appeals were unlikely to succeed, an action for malicious prosecution accrued from the date of judgment in the appeal of right.

Nevertheless, finding that a plaintiff's cause of action for malicious prosecution did not accrue until the time for appeal had expired in the initial suit, this court stated in *H & H Farms*, 6 Kan. App. 2d at 269:

"Kansas law is well settled that one of the crucial elements of an action for wrongful use of civil proceedings is that the prior civil proceeding must have terminated in favor of the person against whom the prior civil action was brought, and that the action cannot be brought if the original action is still pending and undetermined. See *Nelson v. Miller*, 227 Kan. at 280; *Harper v. Cox*, 113 Kan. 357, 214 Pac. 775 (1923). . . . Furthermore, *a plaintiff's cause of action for*

*malicious prosecution does not accrue until the time for appeal has passed on the original action.*" (Emphasis added.)

See also *Lindenman,* 255 Kan. at 624-25 (malicious prosecution action cannot be brought until the underlying action is concluded and the time for appeal of the underlying suit has passed); *Hutchinson Travel Agency,* 10 Kan. App. 2d at 463 (malicious prosecution action dismissed as premature because appeal time had not passed).

In explaining the reasoning behind the rule, the *Hutchinson Travel Agency* court stated:

"Favorable termination of the underlying civil proceedings is required to support a malicious prosecution claim for several reasons. First, a complaining party cannot show lack of probable cause in instituting the proceeding until it is finally terminated in his favor. [Citation omitted.] Additionally, a complaining party cannot show all damages from the institution of legal proceedings until they are terminated. And, finally, it is recognized that the requirement of final termination serves to help avoid inconsistent judgments from the courts. [Citation omitted.]" 10 Kan. App. 2d at 463.

Following the rationale of our precedents, we determine that Voth's claim for malicious prosecution did not accrue until August 22, 1994. If Voth had filed his claim for malicious prosecution before that date and an appeal had been filed in the original action, Voth's claim would have been premature. Because Voth's action was filed less than 1 year after August 22, 1994, Voth's action was timely.

Reversed.