IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
MARCH 5, 2002 Session

## EUGENE I. SELKER and MARK SELKER v. RUSSELL W. SAVORY, ET AL.

Direct Appeal from the Circuit Court for Shelby County
No. CT-002930-00; The Honorable John R. McCarroll, Judge

_____

No. W2001-00823-COA-R3-CV - Filed August 13, 2002

_____

This appeal involves a dismissed claim for malicious prosecution. The plaintiffs in the present action filed their complaint one year and thirty days after a final judgment was issued in the underlying suit. The defendants responded by filing separate motions to dismiss for failure to state a claim. The trial court sustained the defendants' motions, holding that the plaintiffs' claim was barred by the one year statute of limitations. The plaintiffs appealed and now argue that the statute of limitations on their claim did not begin to run until the applicable period for appeal in the underlying litigation expired. For the following reasons, we affirm the decision of the trial court.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and DON R. ASH, S.J., joined.

Erich M. Shultz, Memphis, TN, for Appellants

Stewart C. Stallings, Memphis, TN; Joe D. Barton, Millington, TN, for Appellees

**OPINION**

**Facts and Procedural History**

On March 6, 1998, Jerry Lawler caused to be filed in the United States District Court for the Western District of Tennessee, Western Division, a complaint against Eugene I. Selker and Mark Selker (Eugene and Mark Selker will be collectively referred to as "Appellants"). The complaint sought damages for various causes of action such as breach of contract, malicious prosecution, tortious interference with a contract, defamation, and the unlicenced practice of law. Mr. Lawler's attorneys who prepared and actually filed the complaint were Russell Savory of the law firm Gotten,

Wilson & Savory and Leonard Yelsky of the law firm Yelsky & Lonardo (Mr. Savory, Mr. Yelsky, their respective firms, and Mr. Lawler will be collectively referred to as "Appellees").

Following the filing of an answer and counter-complaint by Appellants, the case was transferred to the United States District Court for the Northern District of Ohio, Eastern Division. Upon transfer, Appellants filed a motion for summary judgment. Appellees responded by withdrawing their claims for breach of contract, tortious interference with a contract, and the unlicenced practice of law, leaving only their claims for defamation and malicious prosecution before the court.

On March 23, 1999, the Ohio district court issued an "Opinion and Order," which dismissed Appellees' remaining claims against Appellants. A final judgment in favor of Appellants was entered on May 5, 1999.[1] Upon issuance of the final judgment, the period in which a notice of appeal could be filed, thirty days, began to run. See FED. R. APP. P. 4(a). No notice of appeal, however, was filed and the judgment became non-appealable on June 5, 1999.[2]

On June 5, 2000, Appellants filed suit against Appellees in the Circuit Court of Tennessee for the Thirtieth Judicial District at Memphis seeking damages for malicious prosecution in connection with Appellees' federal suit. The filing of Appellants' suit was exactly one year after the previous suit became non-appealable and one year and thirty days after the final judgment was issued by the federal court. Appellees soon filed separate motions to dismiss for failure to state a claim. The court sustained Appellees motions on the grounds that Appellants' claim was time barred pursuant to section 28-3-104(a)(1) of the Tennessee Code.[3] Following timely notice, Appellants' state court suit is now properly before this Court on appeal.

---

[1] Appellant's complaint in the present action indicates that the final judgment was issued on May 5, 1999. In their brief, however, Appellants appear to agree with Appellees that the final judgment was actually issued on May 4, 1999.

[2] Because the thirty day period for the notice of appeal actually expired on June 5, 1999 due to fact that June 4, 1999 fell on a Sunday, the parties' apparent disagreement on whether the final judgment was issued on May 4, 1999 or May 5, 1999 is of no consequence.

[3] Section 28-3-104 provides in pertinent part,

28-3-104. Personal tort actions
(a) The following actions shall be commenced within one (1) year after the cause of action accrued:
>    (1) Actions for libel, for injuries to the person, false imprisonment, malicious prosecution, breach of marriage promise.

TENN. CODE ANN. § 28-3-104(a) (2000).

**Issue**

Appellants now contend on appeal that the trial court erred in sustaining Appellees' motions to dismiss for failure to state a claim. Specifically, Appellants have asked this Court to determine whether the statute of limitations for a malicious prosecution claim begins to run at entry of a final order or, rather, at the expiration of the period for appeal.

**Standard of Review**

A Rule 12.02(6) motion to dismiss for failure to state a claim upon which relief may be granted tests only the sufficiency of the complaint, not the strength of the plaintiff's evidence. Doe v. Sundquist, 2 S.W.3d 919, 922 (Tenn. 1999). The motion admits the truth of all relevant and material averments in the complaint, but asserts that such facts are insufficient to state a claim as a matter of law. Winchester v. Little, 996 S.W.2d 818, 821 (Tenn. Ct. App. 1988). Accordingly, a trial court may properly grant a motion to dismiss for failure to state a claim where "it appears that the plaintiff can prove no set of facts in support of [its] claim that would entitle [it] to relief." Stein v. Davidson Hotel, 945 S.W.2d 714, 716 (Tenn. 1997). On appeal from an order granting a motion to dismiss for failure to state a claim, this Court must presume that the complaint's factual allegations are true and review the trial court's conclusion of law regarding the adequacy of the complaint with no presumption of correctness. TENN. R. APP. P. 13(d); Dobbs v. Guenther, 846 S.W.2d 270, 273 (Tenn. Ct. App. 1992).

**Law and Analysis**

The most logical place to begin our inquiry is with a review of section 28-3-104(a) of the Tennessee Code. Section 28-3-104(a) states that claims for malicious prosecution "shall be commenced within one (1) year after the cause of action accrued." Accordingly, we must look to the elements necessary for a malicious prosecution cause of action to determine when the cause of action accrues.

In any action for malicious prosecution, a plaintiff must show that the following three elements are present: "(1) a prior suit or judicial proceeding was brought against plaintiff without probable cause, (2) defendant brought such prior action with malice, and (3) the prior action was finally terminated in favor of plaintiff." Christian v. Lapidus, 833 S.W.2d 71, 73 (Tenn. 1992) (citing Lewis v. Allen, 698 S.W.2d 58, 59 (Tenn. 1985)). Obviously, the last element met will always be the final termination of the suit in plaintiff's favor. Thus, our focus should hinge on our supreme court's meaning of the terms "finally terminated" as used in Christian and Lewis.

After a diligent search, we have been unable to find any Tennessee precedent that directly addresses this issue as presented. However, the language provided by this Court's opinion in Parrish v. Marquis, No. W1999-02629-COA-R3-CV, 2000 Tenn. App. LEXIS 509 (July 31, 2000), a case concerning the proper venue for a malicious prosecution case, provides significant guidance. In Parrish, we stated,

> The law is well-established that a plaintiff's cause of action for malicious prosecution does not accrue until the underlying malicious suit is terminated in the plaintiff's favor. See Christian v. Lapidus, 833 S.W.2d 71, 73 (Tenn. 1992); Rosen v. Levy, 120 Tenn. 642, 113 S.W. 1042, 1044 (Tenn. 1908); Swepson v. Davis, 109 Tenn. 99, 70 S.W. 65, 68 (Tenn. 1902); Gray v. 26th Judicial Drug Task Force, 1997 Tenn. App. LEXIS 476, No. 02 A01-9609-CV-00218, 1997 WL 379141, at *2 (Tenn. Ct. App. July 8, 1997 (no perm. app. filed); Millsaps v. Millsaps, 1989 Tenn. App. LEXIS 317, 1989 WL 44840, at *2 (Tenn. Ct. App. May 3, 1989), perm. app. denied (Tenn. Sept. 5, 1989). In the present case, the legal malpractice action was terminated in Parrish's favor in July 1996 when the Knox County Circuit Court entered its order granting Parrish's motion for summary judgment and dismissing Miller's claim with prejudice. Accordingly, if Parrish has a cause of action for malicious prosecution based upon the Defendants' prosecution of the legal malpractice claim, *Parrish's cause of action arose when the Knox County Circuit Court entered its order in July 1996*.

Id. at *11-12 (emphasis added). Although in Parrish we were dealing with venue, it was important to our review in that case to determine when the cause of action accrued to determine where it accrued. In dealing with this issue, we plainly held that the cause of action accrued when the prior action was dismissed with prejudice, not when the period for notice of appeal expired. We conclude that this holding can be applied to the case *sub judice*.

Appellants argue that this Court should look to the law of the state of Kansas, which holds that the statute of limitations for a malicious prosecution does not begin to run until the expiration of the time within which to file a petition for certiorari to the United States Supreme Court. See Voth v. Coleman, 945 P.2d 426 (Kan. 1997). However, we disagree. This Court, in Parrish, provided sufficient guidance as to the law of this state and has obviated the need to look outside our jurisdiction for guidance.

Finally, we note that under Appellants' argument, a plaintiff would not be allowed to file a claim for malicious prosecution until after the notice of appeal had expired due to the fact that the cause of action would not yet have accrued. It is apparent to this Court that such a holding would be illogical and inconsistent with the law of this state. Thus, in accordance with Parrish, we conclude that Appellants' statute of limitations was not tolled by the period for appeal. Accordingly, the trial court did not err in sustaining Appellees' motion to dismiss.

**Conclusion**

For the aforementioned reasons, we affirm the judgment of the trial court. Costs on appeal are taxed equally to Appellants, Eugene I. Selker and Mark Selker, and their surety, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE