NOT DESIGNATED FOR PUBLICATION

No. 116,179

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

LAURENCE M. JARVIS,
*Appellant*,

v.

JOHN LEE WHITE, THE NEXT STEP, INC., and
WOTC SOLUTIONS, LLC,
*Appellees*.

MEMORANDUM OPINION

Appeal from Johnson District Court; DAVID W. HAUBER, judge. Opinion filed July 14, 2017. Affirmed.

*Laurence M. Jarvis*, appellant pro se.

*John L. White*, appellee pro se.

*Judith C. Hedrick*, of Lenexa, for appellees The Next Step, Inc., and WOTC Solutions, LLC.

Before MALONE, P.J., LEBEN and BRUNS, JJ.

*Per Curiam*: Laurence M. Jarvis appeals the district court's decision to dismiss without prejudice his lawsuit for malicious prosecution filed against John Lee White, The Next Step, Inc. (Next Step), and WOTC Solutions, LLC (WOTC). For the reasons stated herein, we affirm the district court's decision.

On January 14, 2015, Jarvis filed a lawsuit against White, Next Step, and WOTC in Johnson County case No. 15CV243. The lawsuit was "based on a written loan" Jarvis

1

allegedly made to the three defendants. On February 24, 2015, White, acting for himself and as agent for the other defendants, filed a counterclaim alleging fraud committed by Jarvis. On March 16, 2015, Jarvis filed a motion to strike the counterclaim, which was granted by the district court on May 11, 2015. The record reflects that the underlying lawsuit in 15CV243 remains pending in district court.

On June 15, 2015, Jarvis filed a "petition for monetary damages" against White, Next Step, and WOTC in case No. 15CV3624 alleging malicious prosecution based on the counterclaim filed and dismissed in 15CV243. In the new lawsuit, Jarvis alleged that the counterclaim in 15CV243 "had no basis in fact, was filed without probable cause and [was] defectively filed." Jarvis further alleged that the filing of the counterclaim required him "to spend substantial time to research Kansas law; prepare pleadings; [and] file said pleadings to defend himself." Jarvis requested damages in the sum of $30,000 and further relief as the court deemed just and equitable.

On May 4, 2016, White filed a motion for dismissal pursuant to K.S.A. 2016 Supp. 60-241. White alleged that Jarvis could not "establish the elements required to maintain an action for malicious prosecution." Specifically, White argued that the proceeding in 15CV243 had not yet been terminated, a requirement of proving malicious prosecution. White's motion cited Kansas caselaw for the proposition that to maintain an action for malicious prosecution, the underlying case must be terminated in favor of the plaintiff.

On May 23, 2016, the district court held a hearing on White's motion to dismiss. White presented no oral argument at the hearing, relying solely on his motion filed with the court. Before Jarvis began his oral argument, the district court provided him with a copy of an order granting White's motion to dismiss. The district court explained to Jarvis that it was inclined to grant the motion to dismiss, but it reserved "the right to change that order" based on Jarvis' oral argument.

2

After Jarvis' argument, the judge explained to him that his lawsuit for malicious prosecution was "not ripe for disposition." The judge explained to Jarvis that in order for him to bring a claim for malicious prosecution based on the dismissal of the counterclaim in 15CV243, the underlying lawsuit "has to reach final judgment and then you have to wait for the time of appeal to expire. . . . The whole proceeding has to terminate before the clock starts running." The district court granted White's motion for dismissal and filed an order granting the motion to dismiss on May 24, 2016. The order does not specify whether the dismissal was with or without prejudice.

On June 1, 2016, Next Step and WOTC filed a motion for dismissal of the malicious prosecution case. The two entities alleged that they were never part of the counterclaim against Jarvis in 15CV243 as it was filed by White, who was not an attorney, and "he could not file any pleading on behalf of the two corporations." The district court granted Next Step and WOTC's motion to dismiss at a hearing on June 7, 2016, although the record includes no transcript of that hearing.

The district court's order granting the motion to dismiss was filed on June 30, 2016. The order indicated that the motion to dismiss the malicious prosecution action against the corporate defendants was granted for two reasons. First, the order noted that the lawsuit in 15CV243 was still pending and to "have a claim for malicious prosecution, the underlying action must be concluded and the time for appeal of the underlying suit must have passed." Second, the order noted that the corporate defendants "could not as a matter of law file a counterclaim [against Jarvis] without a licensed attorney. There is no legal assertion of any malicious prosecution by the business entities." The order does not specify whether the dismissal was with or without prejudice. Jarvis appealed the district court's decisions granting both motions to dismiss.

On appeal, Jarvis contends that the district court erred in granting the defendants' motions to dismiss. Jarvis argues that his petition sufficiently stated "a claim for

3

malicious prosecution." Jarvis acknowledges that the underlying case in 15CV243 is still pending. However, he maintains that he should be allowed to proceed with his malicious prosecution claim because the counterclaim filed against him in 15CV243 "has been fully resolved and terminated in [his] favor." White, Next Step, and WOTC contend that Jarvis has no claim for malicious prosecution while the underlying case is pending. Also, Next Step and WOTC maintain that they were never part of the counterclaim in 15CV243 filed by White, who "is not a licensed attorney and could not, as a matter [of] law, file a counterclaim on behalf of the Business Entities."

"[A] district court's grant of a motion to dismiss" is reviewed "under a de novo standard." *Platt v. Kansas State University*, 305 Kan. 122, 126, 379 P.3d 362 (2016). Moreover, "'when a district court has granted a motion to dismiss . . . an appellate court must accept the facts alleged by the plaintiff as true, along with any inferences that can reasonably be drawn therefrom.' [Citation omitted]." 305 Kan. at 126.

The elements of malicious prosecution are:

"'"(a) That the defendant initiated, continued, or procured civil procedures against the plaintiff.
"'"(b) That the defendant in so doing acted without probable cause.
"'"(c) That the defendant acted with malice, that is he acted primarily for a purpose other than that of securing the proper adjudication of the claim upon which the proceedings are based.
"'"(d) That the proceeding terminated in favor of the plaintiff.
"'"(e) That the plaintiff sustained damages."' [Citation omitted]." *In re Landrith*, 280 Kan. 619, 647, 124 P.3d 467 (2005).

A claim for malicious prosecution cannot be brought until the underlying action "is concluded and the time for appeal of the underlying suit has passed." *Lindenman v. Umscheid*, 255 Kan. 610, 624-25, 875 P.2d 965 (1994). A cause of action for malicious

prosecution accrues on the final day on which an appeal could have been filed in the original action. *Voth v. Coleman*, 24 Kan. App. 2d 450, 452-53, 945 P.2d 426 (1997).

Kansas law is clear that in order to maintain a claim for malicious prosecution, the underlying lawsuit must be *terminated* in favor of the plaintiff. *Landrith*, 280 Kan. at 647. Although the counterclaim in 15CV243 had been dismissed when Jarvis filed his separate lawsuit for malicious prosecution, the underlying case was still pending in district court. As the judge tried to explain to Jarvis at the hearing on White's motion to dismiss, the malicious prosecution action was prematurely filed. The appeal time for the dismissal of the counterclaim in 15CV243 had not yet expired; in fact, the appeal time had not even started to run because the lawsuit in 15CV243 was still pending. A claim for malicious prosecution cannot be brought until the underlying action is concluded and the time for appeal of the underlying suit has passed. *Lindenman*, 255 Kan. at 624-25. Because the underlying action has not been completely terminated in Jarvis' favor, his separate lawsuit for malicious prosecution was prematurely filed.

Jarvis could have asked the district court to direct an entry of final judgment pursuant to K.S.A. 2016 Supp. 60-254(b) as to the dismissal of the counterclaim in 15CV243. Assuming the district court had found there was no just reason for delay and granted the request for the entry of a final judgment on the dismissal of the counterclaim, such action would have triggered the running of the appeal time and Jarvis would have been able to file his separate action for malicious prosecution as soon as the appeal time expired. However, the district court never directed the entry of a final judgment on the dismissal of the counterclaim pursuant to K.S.A. 2016 Supp. 60-254(b).

It also appears that there was a second reason for dismissing the malicious prosecution claim against Next Step and WOTC. Although our record on appeal does not clearly establish this fact, it appears that these defendants are corporate entities. Corporations and limited liability companies are statutory entities recognized by Kansas

law. See, *e.g.*, K.S.A. 2016 Supp. 17-7503; K.S.A. 2016 Supp. 17-7663. "Kansas follows the common-law rule that an appearance in court of a corporation by an agent other than a licensed attorney is not proper since a corporation is an artificial entity without the right of self-representation." *Atchison Homeless Shelters, Inc. v. Atchison County*, 24 Kan. App. 2d 454, Syl. ¶ 2, 946 P.2d 113, *rev. denied* 263 Kan. 885 (1997). It appears that John White is not a licensed attorney and could not, as a matter of law, file a counterclaim against Jarvis on behalf of Next Step and WOTC. As a result, Jarvis would have no claim for malicious prosecution against Next Step and WOTC.

The orders dismissing Jarvis' petition for malicious prosecution against the defendants do not specify whether the dismissals were with or without prejudice. However, it is clear from the record that one reason the district court dismissed the malicious prosecution claim against all three defendants was because the claim was "not ripe" for filing. Moreover, the motions to dismiss were filed pursuant to K.S.A. 2016 Supp. 60-241. K.S.A. 2016 Supp. 60-241(a)(2) expressly provides that "[u]nless the order states otherwise, a dismissal under this paragraph is without prejudice"; see *Smith v. Graham*, 282 Kan. 651, 662, 147 P.3d 859 (2006). Thus, as a matter of law, the district court's dismissal of Jarvis' malicious prosecution claims was without prejudice.

As a separate issue, Jarvis contends that the district court violated Kansas Supreme Court Rule 133(c) (2017 Kan. S. Ct. R. 198) when it had its order granting White's motion to dismiss prepared prior to Jarvis' argument. Additionally, Jarvis maintains the district court violated Supreme Court Rule 134(a) (2017 Kan. S. Ct. R. 198) by not immediately serving notice of its ruling on White's motion to dismiss. White does not address this issue in his brief.

Interpretation of a Kansas Supreme Court rule is a question of law subject to unlimited review. *Gerhardt v. Harris*, 261 Kan. 1007, 1010, 934 P.2d 976 (1997). Supreme Court Rule 133(c) states in part as follows:

6

"(1) A party may request oral argument—either in the motion or in a response filed by the adverse party under subsection (b). The court must grant a timely request for oral argument unless it states in the ruling or by separate communication that oral argument would not aid the court materially." 2017 Kan. S. Ct. R. 198.

The fact that the district court already prepared an order granting White's motion to dismiss prior to the hearing may have conveyed an appearance to Jarvis that the judge was not keeping an open mind about the merits of his lawsuit. But the judge expressly stated that he was reserving "the right to change that order" based on Jarvis' oral argument. Also, it is unclear how the court's preparation of the order prior to the hearing violated Rule 133(c). Under the rule, the district court could have granted White's motion to dismiss without holding any hearing by finding that "oral argument would not aid the court materially." Supreme Court Rule 133(c)(1). Here, the district court granted Jarvis' request for oral argument and proceeded with a hearing. Contrary to Jarvis' claim, the district court clearly thought that oral argument may, in some way, help in making its decision. Thus, the district court did not violate Rule 133(c).

Finally, Jarvis' argument regarding Supreme Court Rule 134(a) is without merit. The relevant portion of Rule 134(a) (2017 Kan. S. Ct. R. 198-99) states:  "If the court rules on a motion or other application when an affected party who has appeared in the action is not present—either in person or by the party's attorney—the court immediately must serve notice of the ruling." Here, Jarvis was present at the hearing when the district court ruled from the bench that it was granting White's motion to dismiss. Rule 134(a) was not implicated and the district court did not violate this rule when it granted the motion to dismiss.

Affirmed.

7